**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

FELIZARDO URIAS-AVILEZ,

                Petitioner,

                v.

WARDEN, FCI FT. DIX NJ,

                Respondent.

Civil Action No. 23-12936 (KMW)

**OPINION**

**WILLIAMS**, District Judge:

This matter comes before the Court on the habeas petition filed by Petitioner Felizardo Urias-Alvarez pursuant to 28 U.S.C. § 2241. (ECF No. 1). As Petitioner has paid the filing fee (*see* ECF Docket Sheet), this Court is required, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to petitions brought pursuant to § 2241 pursuant to Rule 1(b), to screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to [habeas] relief." For the reasons set forth below, Petitioner's habeas petition shall be dismissed without prejudice.

## I.    BACKGROUND

Petitioner is a convicted federal prisoner currently serving his sentence at FCI Fort Dix. (ECF No. 1 at 1.) In his petition, Petitioner contends that he should be eligible for 365 days worth of credits under the First Step Act, and that he has been improperly listed as ineligible for credits by the BOP even though he has no final order of removal or qualifying conviction which would

render him ineligible under the statute. (*Id.* at 6.) It thus appears that Petitioner is contending that he was rendered ineligible solely on the basis of his immigration detainer. (*Id.*) Petitioner, however, did not file an appeal or grievance challenging his current eligibility status or credit calculation prior to filing this habeas matter. (*See id.* at 2.)

## II.   <u>LEGAL STANDARD</u>

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court is required to preliminarily review habeas petitions and motions to vacate sentence and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

## III.   <u>DISCUSSION</u>

In his current petition, Petitioner argues that he has been improperly deprived of a years' worth of good time credits under the First Step Act. Under the First Step Act, federal prisoners who meet certain criteria, including engaging in recidivism reduction programs, are entitled to earn a number of good conduct credits, to a maximum of 365 days' worth, to be applied towards early supervised release. *See* 18 U.S.C. § 3632(d)(4). Although the statute itself only excludes

prisoner's from accruing credits based on immigration status if those inmates are subject to a final order of removal, the BOP had previously rendered ineligible all those inmates who are subject to immigration detainers.  In February of 2023, however, the BOP altered that policy and now permits those inmates who are subject to immigration detainers but not a final order of removal to accrue and apply FSA credits towards early supervised release.  *See* U.S. Dep't of Justice, *First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4)*, https://www.bop.gov/policy/progstat/5410.01_cn2.pdf (last visited Aug. 2, 2023).  Assuming Petitioner is correct that he does not have a qualifying conviction which would render him ineligible and that Petitioner does not have a final order of removal, he should therefore now be eligible for FSA credits under the modified policy.  As the BOP is the administrative entity tasked with calculating the number and applicability of federal prison credits, the BOP has the full ability and authority to correct factual or calculation errors and apply additional credits as needed. *Barksdale v. Sing Sing*, 645 F. App'x 107, 109-10 (3d Cir. 2016).  Thus, the BOP can, through its prison grievance systems, provide Petitioner with the relief he seeks, and it appears Petitioner's alleged ineligibility is the result of his failure to pursue relief through proper grievance procedures.

Petitioner's failure to pursue grievance procedures prevents him from litigating this issue before this Court.  Habeas petitioners are required to exhaust all available administrative remedies prior to filing suit in federal court, and failure to comply with this requirement "generally bars review of a federal habeas corpus petition absent a showing of cause and prejudice."  *See, e.g., Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760-61 (3d Cir. 1996).   Although this requirement may be excused under certain circumstances, such as where exhaustion would be futile, *see Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998), absent a showing of such circumstances or cause and prejudice, the failure to exhaust will result in the dismissal of a habeas petition.  *Moscato*, 98 F.3d at 761; *see also Downs v. N'Diaye*, 2021 WL 5076412, at *2 (D.N.J.

Nov. 2, 2021). A habeas petitioner cannot show futility through mere speculation. *See Lindsay v. Williamson*, 271 F. App'x 158, 159 (3d Cir. 2008). Because Petitioner appears to be eligible under the amended policy discussed above, and the BOP has the power and authority to correct improper calculations of credits and determinations of credit eligibility, exhaustion would not be futile in this case as the relief sought is directly available through proper grievance procedures. As such, this Court perceives no basis for Petitioner to avoid the exhaustion requirement. Because Petitioner has failed to attempt to show any basis for not applying the exhaustion requirement, as exhaustion would not be futile in this case, and as Petitioner can secure relief through administrative exhaustion, and as this Court perceives no basis for excusing the failure to exhaust in this case, this matter must be dismissed without prejudice in light of Petitioner's failure to properly exhaust his administrative remedies prior to filing suit.


IV.    **CONCLUSION**

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**. An order consistent with this Opinion will be entered.


Hon. Karen M. Williams,
United States District Judge

4